CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED
for Roanoke
MAY 2 5 2010
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHAKA AMIR FARRAKHAN,<br>Plaintiff, | Civil Action No. 7:10-cv-00094 |
| v. | **MEMORANDUM OPINION** |
| GENE JOHNSON, et al.,<br>Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Shaka Amir Farrakhan, a Virginia prisoner proceeding pro se, filed an omnibus civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names more than fifty defendants, all who work in the Virginia Department of Corrections' ("VDOC") facilities and interacted with plaintiff at some point during his incarceration. The court previously ordered plaintiff to show cause why the complaint should not be dismissed for failing to comply with the court's orders. Petitioner responded, making the matter ripe for disposition. After reviewing the record, I dismiss the complaint without prejudice for the reasons noted herein.

The court received plaintiff's complaint on March 4, 2010. Plaintiff included with his complaint a blank inmate account form that is used to document an inmate's prison trust account for the six months prior to filing an action. Although plaintiff completed the form's case caption, he did not describe his account or include verified copies of his account activity. The court filed the complaint in accordance with a conditional filing order entered on March 8, 2010. The March 8th order informed plaintiff that he did not complete his motion to proceed in forma pauperis and assessed the $350 filing fee. However, the March 8th order provided plaintiff the opportunity to resubmit a completed motion to proceed in forma pauperis to the extent he would pay the filing fee via installments from his trust account. The court provided the requisite forms

and instructions for him to return the completed motion within fifteen days.

Seven days after filing the March 8th order, the court received plaintiff's response. Plaintiff returned a completed statement of assets but returned another incomplete inmate account form. The form lacked data and verified copies, but plaintiff wrote an unverified statement on the form that "[p]laintiff says this court will have to request this [i]nfo directly from the [prison] Business Office, for such is not given to him when requested." (Pl.'s resp. (no. 8) 1.) In anticipation of receiving additional documents from plaintiff, the court waited twenty-one days from the March 8th order before issuing any additional orders.

On March 29, 2010, the court again advised plaintiff that the inmate-plaintiff is responsible for providing the documents to support an inmate-plaintiff's motion to proceed in forma pauperis. See 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to bring a civil action . . . without prepayment of fees . . . shall submit a certified copy of the trust fund account statement . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."). The court provided him another blank inmate account form and twenty more days to either return the completed form to complete his application to proceed in forma pauperis or to pay the $350 filing fee. The court noted that his complaint would be dismissed without prejudice if he failed to comply with these alternatives.

Seven days later, the court received an unverified letter from the plaintiff "notif[ying] this court that this [VDOC] facility has time [and] again refused to respond to his request for a certified copy of his inmate account information, [and] that this court will have to order that this facili[ty's] Business Office provide him or the court with [the] information . . . ." (Pl.'s letter (no. 10) 1.) Again, the court waited beyond the time limit set forth in the prior order to allow

plaintiff to send in any additional documents or the $350 payment. However, plaintiff did not file anything else.

On April 21, 2010, the court ordered plaintiff to show cause within seven days why the court should not dismiss his complaint for repeatedly failing to comply with the court's orders about the filing fee. The court received plaintiff's unverified response on May 3rd, in which plaintiff alleged that the Business Office refused to complete the form three times. Plaintiff does not describe the "who, how, or why" to substantiate his allegation that the Business Office will not complete the form.

Despite being given numerous chances, one of which was to explain his circumstances, plaintiff fails to establish why he has failed to comply with the provisions of 28 U.S.C. § 1914(a) or § 1915(a) or how anyone at the Business Office impeded his ability to document his inmate trust account. Furthermore, I take notice of plaintiff's repeated use of the judicial system to file omnibus civil rights actions naming innumerable defendants that are dismissed because plaintiff failed to consent to the filing fee, failed to pay the filing fee, failed to comply with court orders, or requested voluntary dismissals. See, e.g., Farrakhan v. Johnson, et al., No. 7:09-cv-00233 (W.D. Va. Oct. 6, 2009) (naming 21 defendants and dismissed upon Farrakhan's voluntary dismissal); Farrakhan v. Johnson, et al., No. 09-6993 (4th Cir. Jun. 30, 2009) (dismissing appeal for failure to prosecute); Farrakhan v. Johnson, et al., No. 7:09-cv-00176 (W.D. Va. Jun. 23, 2009) (omnibus complaint naming many defendants dismissed upon Farrakhan's voluntary dismissal); Farrakhan v. Johnson, et al., No. 1:07-cv-00599 (E.D. Va. Oct. 1, 2007) (naming thirty-seven defendants and dismissed without prejudice for failure to prosecute); Farrakhan v. Ruscak, et al., No. 1:06-cv-01155 (E.D. Va. Feb. 26, 2007) (naming nine defendants and

dismissed without prejudice); Farrakhan v. Hill, et al., No. 1:00-cv-00205 (E.D. Va. Oct. 18, 2000) (naming twenty defendants and dismissed without prejudice for failing to pay the filing fee); Farrakhan v. Ruscak, et al., No. 1:00-cv-01233 (E.D. Va. Oct. 1, 2000) (naming nineteen defendants and dismissed without prejudice for failing to pay the filing fee); Farrakhan v. Hill, No. 1:97-cv-01199 (E.D. Va. Mar. 20, 1998) (naming eleven defendants and dismissed without prejudice for failing to pay the filing fee); Farrakhan v. Peed, et al., No. 1:97-cv-01479 (E.D. Va. Nov. 24, 1997) (naming twelve defendants and dismissed for failing to comply with court order); Farrakhan v. Johnson, et al., No. 1:97-cv-00721 (E.D. Va. Jul. 9, 1997) (naming twelve defendants and dismissed without prejudice for failing to consent to the filing fee); Farrakhan v. Johnson, et al., No. 1:97-cv-00722 (E.D. Va. Jul. 9, 1997 (naming eight defendants, of which five are John Does, and dismissed without prejudice for failing to consent to the filing fee); Farrakhan v. Doe #1, et al., No. 1:94-cv-00864 (E.D. Va. Sept. 29, 1994) (naming sixteen defendants and dismissed for failing to comply with court order); Farrakhan v. Murray, et al., No. 1:91-cv-01971 (E.D. Va. Apr. 11, 1992) (naming six defendants and dismissed for failing to pay the filing fee).

Courts have the authority to control litigation before them, including the power to order dismissal of an action for failure to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").[1] The propriety of dismissal under Rule 41 depends on (1) the degree of personal

---

[1] Rule 41(b) provides:
(b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.

responsibility of the plaintiff; (2) the amount of prejudice caused the defendant; (3) the existence of a history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less drastic than dismissal. Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982). Dismissal is not a sanction to be invoked lightly. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). After reflecting upon the context of the procedural status of this action and drawing upon judicial experience and common sense, I find that plaintiff is not entitled to any additional deference on submitting the documents necessary to permit him to proceed in forma pauperis. See Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Plaintiff has been quick to respond to the court's orders with his blanket unverified claim that he can not receive the data from the Business Office. Plaintiff has not made use of this time to verify the steps he took or the Business Office's alleged inability to document his finances, and his vexatious use of the courts to file, but not prosecute, omnibus actions against very many VDOC officials is contrary to the express goals of the Prisoner Litigation Reform Act. Although the defendants may have experienced minimal prejudice to this point, the courts have not, as a review of his complaints, pleadings, and post-judgment motions and letters illustrates. Therefore, I will order plaintiff's complaint dismissed without prejudice because it is the less drastic sanction than dismissal with prejudice and, more notably, because the court's conditional filing orders previously advised plaintiff his failure to comply would warrant a dismissal without prejudice. However, plaintiff is advised that

---

Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

proceeding in a dilatory fashion or in violation of another court order will result in a sanction in accordance with Rule 41 or as any other rule allows.

Plaintiff is further advised that prisoner-litigants must comply with the Federal Rules of Civil Procedure, including Rules 8[2] and 10[3], which require "a short and plain statement of the claim showing that the pleader is entitled to relief" to be set out in numbered paragraphs, each limited to a single set of circumstances. Furthermore, Federal Rule of Civil Procedure 20 does not authorize plaintiff to add claims against different parties that present entirely different factual and legal issues.

For the foregoing reasons, I dismiss the complaint without prejudice for failing to comply

---

[2]Rule 8 states in pertinent part:
(a) Claim for Relief. A pleading that states a claim for relief must contain:
    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.
                                    * * *
(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.
    (1) In General. Each allegation must be simple, concise, and direct. No technical form is required.
    (2) Alternative Statements of a Claim or Defense. A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
    (3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

[3]Rule 10 states:
(a) Caption; Names of Parties. Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.

(b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

(c) Adoption by Reference; Exhibits. A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

with the court's orders.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 25th day of May, 2010.

/s/ Jackson L. Kiser
Senior United States District Judge